FILED

2008 MAY 13 PH 2:40

SECRET

unsealed 5/20/08

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

July 2007 Grand Jury

| UNITED STATES OF AMERICA, | ) Criminal Case No. 08 CR 1542 WQH |
|---|---|
| Plaintiff, | ) INDICTMENT |
| v. | ) Title 18, U.S.C., |
| | ) Sec. 1347 - Health Care Fraud |
| CLIFFORD J. WOLF, | ) |
| Defendant. | ) |

The grand jury charges:

INTRODUCTORY ALLEGATIONS COMMON TO ALL COUNTS

At all times relevant to this indictment:

THE MEDICARE PROGRAM

1. Medicare was established by the Social Security Act and provides insurance coverage for individuals who are over 65 or for people under the age of 65 who have certain disabilities.

2. Medicare is a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

//

//

//

RSK:em:San Diego
2/28/08

3. Medicare consists of two parts. Medicare Part A covers institutional health costs for hospitals, skilled nursing facilities and home health agencies. Medicare Part B is a federally subsidized voluntary insurance program that pays a portion (typically 80%) of the cost of certain health services not covered by Medicare Part A. The portion of the cost that Medicare does not pay (typically 20%) is a co-payment amount that is the responsibility of the beneficiary. Eligible Medicare beneficiaries may enroll in Medicare Part B by paying monthly premiums.

4. Medicare is administered by the Centers for Medicare and Medicaid Services ("CMS"), formerly known as the Health Care Financing Administration ("HCFA"), an agency of the United States Department of Health and Human Services ("HHS"). Individuals who receive benefits under Medicare are often referred to as Medicare "beneficiaries."

5. Medicare's Part B program is administered by private insurance companies who process and pay Medicare claims. Insurance companies that process Medicare claims are called "carriers." The carrier for the region that included Southern California is "National Heritage Insurance Company."

### Medicare Billing Procedures

6. Health care providers desiring to treat Medicare beneficiaries must apply to Medicare for a provider number. Upon receipt of a provider number, the provider may submit claims directly to Medicare.

7. When bills are submitted to Medicare for services rendered by a medical service provider, the services are identified by a number known as a CPT code. The Current Procedural Terminology ("CPT") is a coding system created by the American Medical Association to enable

physicians and others to identify particular medical procedures with precision.

8. Medicare approved providers can submit Medicare claims on paper or electronically. Medicare requires that claims contain the following: the beneficiary's name; the beneficiary's health insurance claim number; the date of service; the diagnosis code; and the service that was provided, identified by a CPT code number.

9. Before a provider can submit claims electronically, the provider must have submitted an Electronic Data Interchange Enrollment form ("EDI form"). On the EDI form, the provider must certify that: (a) "it will be responsible for all Medicare claims submitted to HCFA by itself, its employees, or its agents;" and (b) it will submit only claims that "are accurate, complete, and truthful."

<u>Coverage for Podiatry Procedures</u>

10. CPT code 10060 relates to an incision and drainage procedure. An incision and drainage procedure is a surgical procedure which involves the drainage of cysts, pustules, infections, hemotomas, seromas or fluid collections. Medicare reimburses participating podiatrists for incision and drainage procedures provided to beneficiaries.

11. Routine foot care includes the cutting or trimming of corns and calluses and trimming or debridement of toenails. In the absence of a localized illness or injury, routine foot care is not covered by Medicare.

//
//
//
//

12. An exception to the routine foot care exclusion can be made in the presence of a systemic condition such as metabolic, neurologic, or peripheral vascular disease. Foot care that would otherwise be considered routine may be covered when routine foot care would pose a hazard when performed by a nonprofessional person on patients with such systemic conditions. Reimbursement for routine foot care under CPT codes such as 11719 (trimming of nondystrophic nails) or G0127 (trimming of dystrophic nails) requires the diagnosis code of the systemic condition to be paired with the billing code. It is not proper to bill routine foot care under CPT code 10060.

13. In order for a medical care provider to be paid for providing routine foot care to beneficiaries suffering from systemic conditions, Medicare requires the provider to document that the condition existed and routine foot care by a podiatrist was medically necessary.

## THE DEFENDANT

14. Defendant CLIFFORD J. WOLF resided in Poway, California and was owner and operator of Wolf Podiatry Corporation and Gateway Podiatry Clinic, 12630 Monte Vista Road, Suite 101, Poway, California.

15. Wolf was an approved Medicare provider. Wolf was registered with HCFA and assigned provider number E2161.

## SCHEME TO DEFRAUD

16. Beginning in or around a date unknown to the grand jury, and continuing thereafter to in or about December 2006, within the Southern District of California and elsewhere, defendant CLIFFORD J. WOLF did knowingly and wilfully execute and attempt to execute a scheme and artifice to defraud a health care benefit program, namely Medicare, and to obtain by means of materially false and fraudulent

pretenses, representations, and promises, money or property owned by, and under the custody and control of a health care benefit program, namely Medicare, in connection with the delivery of and payment for health care benefits, items, and services.

17. It was a part of the scheme and artifice to defraud that defendant CLIFFORD J. WOLF received physician identification number E2161, effective July 1, 1990, from Transamerica Occidental Life Insurance Company, the contract carrier for Medicare at that time.

18. It was further a part of the scheme and artifice to defraud that defendant CLIFFORD J. WOLF signed and submitted an EDI Enrollment Form and received a provider number from Medicare in June, 1995.

19. It was further a part of the scheme and artifice to defraud that defendant CLIFFORD J. WOLF performed routine footcare on patients and then falsely indicated in the patients' charts that incision and drainage procedures were performed.

20. It was further a part of the scheme and artifice to defraud that defendant CLIFFORD J. WOLF completed superbills and caused claims to be submitted to Medicare for incision and drainage procedures that were not performed.

21. It was further a part of the scheme and artifice to defraud that defendant CLIFFORD J. WOLF was paid more than $70,000 between January 1, 2003 and December 31, 2006, by Medicare for false and fraudulent claims for incision and drainage procedures he never performed.

//
//
//
//

## EXECUTION OF THE SCHEME AND ARTIFICE
## 18 U.S.C. Sections 1347 and 2
## (Health Care Fraud)

22. The grand jury adopts, realleges, and incorporates herein the allegations in paragraphs 1 through 21 of the introduction of this indictment as if set out fully herein.

23. On or about the following dates, defendant CLIFFORD J. WOLF executed and attempted to execute the aforesaid described scheme and artifice to defraud by submitting and causing to be submitted materially false and fraudulent claims to Medicare for incision and drainage procedures as further set forth in the counts below:

| Count | Date of Service/ ICN | Beneficiary | Amount Billed | Amount Paid | Nature of False Claim |
|---|---|---|---|---|---|
| 1 | 7/3/06<br>1106194334300 | Lynne C. | $210 | $115.53 | Medicare billed for two I&D procedures. No I&D procedures performed. |
| 2 | 10/5/06<br>1106298562820 | Lynne C. | $210 | $115.53 | Medicare billed for two I&D procedures. No I&D procedures performed. |
| 3 | 12/17/04<br>1105007297060 | Worthy S. | $210 | $111.69 | Medicare billed for two I&D procedures. No I&D procedures performed. |
| 4 | 3/19/04<br>1104090290250 | Gloriastean S. | $210 | $111.69 | Medicare billed for two I&D procedures. No I&D procedures performed. |
| 5 | 12/17/04<br>1105007297050 | Gloriastean S. | $210 | $111.69 | Medicare billed for two I&D procedures. No I&D procedures performed. |
| 6 | 11/4/05<br>1805320070180 | Gertrude W. | $210 | $114.98 | Medicare billed for two I&D procedures. No I&D procedures performed. |

| | | | | | |
|---|---|---|---|---|---|
| 7 | 1/27/06<br>1106039063320 | Gertrude W. | $210 | $115.53 | Medicare billed for two I&D procedures. No I&D procedures performed. |
| 8 | 3/3/06<br>1106072717880 | Barbara P. | $210 | $115.53 | Medicare billed for two I&D procedures. No I&D procedures performed. |
| 9 | 5/5/06<br>1106143337580 | Barbara P. | $210 | $115.53 | Medicare billed for two I&D procedures. No I&D procedures performed. |
| 10 | 7/27/06<br>1806215301000 | Charissa C. | $210 | $115.53 | Medicare billed for two I&D procedures. No I&D procedures performed. |
| 11 | 12/4/06<br>1106352248100 | Charissa C. | $105 | $77.02 | Medicare billed for one I&D procedure. No I&D procedure performed. |
| 12 | 1/31/06<br>1106039063120 | Sally B. | $210 | $115.53 | Medicare billed for two I&D procedures. No I&D procedures performed. |
| 13 | 5/1/06<br>1106132309140 | Sally B. | $210 | $115.53 | Medicare billed for two I&D procedures. No I&D procedures performed. |
| 14 | 11/6/06<br>1106319281470 | Sally B. | $210 | $115.53 | Medicare billed for two I&D procedures. No I&D procedures performed. |

All in violation of Title 18, United States Code, Section 1347.

DATED: May 13, 2008.

A TRUE BILL:

*[signature]*

Foreperson

KAREN P. HEWITT
United States Attorney

By: *[signature]*
REBECCA S. KANTER
Assistant U.S. Attorney

7