Michael L. Lipman (State Bar No. 66605)
Barbara Howe Murray (State Bar No. 177254)
**COUGHLAN, SEMMER & LIPMAN, LLP**
501 West Broadway, Suite 400
San Diego, CA 92101
(619) 232-0800
(619) 232-0107 (Fax)

Attorneys for Defendant
CLIFFORD J. WOLF

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>vs.<br><br>CLIFFORD J. WOLF,<br><br>                              Defendant. | CASE NO. 08CR1542WQH<br><br>**JOINT MOTION FOR COURT TO FIND EXCLUDABLE TIME UNDER 18 U.S.C. §§ 3161(h)(1)(F) AND 3161(h)(8)(A) AND TO DESIGNATE CASE COMPLEX UNDER 18 U.S.C. §3161(h)(8)(B)(ii)**<br><br>Date:    July 25, 2008<br>Time:   9:30 a.m.<br>Courtroom: 4<br>Judge:  The Honorable William Q. Hayes |

Defendant CLIFFORD J. WOLF and Plaintiff UNITED STATES OF AMERICA, by and through their respective counsel, respectfully submit the following joint motion by which the parties request that this Court issue a written order (1) finding excludable time under 18 U.S.C. §§ 3161(h)(1)(F) and 3161(h)(8)(A); and (2) designating the case complex under 18 U.S.C. §3161(h)(8)(B)(ii).

I.    **STATEMENT OF FACTS**

On May 13, 2008, the Government returned a sealed indictment against Clifford Wolf charging Dr. Wolf with fourteen counts of health care fraud in violation of 18 U.S.C. §1347. The indictment alleges that Dr. Wolf executed a scheme to defraud Medicare over a several year

period. On May 20, 2008, Dr. Wolf appeared before the Honorable Anthony J. Battaglia for his arraignment and he entered a plea of not guilty. Judge Battaglia ordered the parties to appear before this Court on June 30, 2008 for a motion hearing and trial setting.

On June 9, 2008, the parties filed a Joint Motion for Continuance of the Motion Hearing and Trial Setting Date and Excludable Time Under the Speedy Trial Act. In response to this motion, this Court ordered the parties to appear for a status conference on June 23, 2008.

On June 23, 2008, this Court granted the Joint Motion for Continuance and ordered the time from May 20, 2008 to June 4, 2008 excluded under the Speedy Trial Act. Pursuant to 18 U.S.C. §3161(h)(1)(F), the parties request that the period of delay resulting from the filing of the Joint Motion for a Continuance on June 9, 2008 to the date of the ruling on the motion on June 23, 2008 be excluded.

At the hearing on June 23, 2008, the parties made an oral request that the case be designated complex under 18 U.S.C. §3161(h)(8(B)(ii). This Court ordered the defense to file a motion in this regard by July 7, 2008 and the Court set a status and discovery conference for July 25, 2008.

The parties request that this Court declare the case complex under 18 U.S.C. §3161(h)(8)(B)(ii) on the ground "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" under the Speedy Trial Act based on the following facts.

First, the indictment alleges that Dr. Wolf, a podiatrist and Medicare provider, engaged in a scheme to defraud Medicare by performing routine footcare on patients and then falsely indicating in the patients' charts that he had performed an incision and drainage procedure. The indictment further alleges that Dr. Wolf was paid more than $70,000 from January 1, 2003 and December 31, 2006 by Medicare for false and fraudulent claims for incision and drainage procedures. The defense believes that the case involves novel questions of law and fact regarding Medicare billing issues.

///

///

1     Second, although only seven patients are listed in the indictment, the government has
2 produced documents in discovery which indicate that Dr. Wolf billed Medicare for the incision
3 and drainage procedure with respect to hundreds of patients over a several year period.
4 (Declaration of Barbara H. Murray, ¶3.) The government has informed counsel for Dr. Wolf that
5 discovery in this case includes hundreds of patient files for similarly situated patients and in
6 excess of twenty boxes of medical billing records for these patients. The defense anticipates
7 needing significant time to review these voluminous medical and billing records, which likely
8 constitute tens of thousands of pages of discovery. (Murray Declaration, ¶4.)
9     Third, even after the defense has completed its review of discovery, the defense
10 anticipates needing to analyze the medical procedures performed on several hundred patients
11 over a several year period. The defense will need to interview scores of patients and engage
12 experts regarding medical and billing issues. (Murray Declaration, ¶5.)
13     Fourth, the government has estimated that its case in chief will last approximately two to
14 three weeks. Although the defense is not yet in a position to estimate the length of a defense, it
15 will likely be of similar length. (Murray Declaration, ¶6.) Certainly, significant time is needed
16 to prepare for a lengthy trial on complex health care issues. For these reasons, the parties request
17 that this Court designate the case complex.
18     Pursuant to 18 U.S.C. §3161(h)(8)(A), the Speedy Trial Act provides an exclusion for a
19 period of delay resulting from a continuance "if the judge grant[s] such continuance on the basis
20 of ... findings that the ends of justice served ... outweigh the best interest of the public and the
21 defendant in a speedy trial." 18 U.S.C. §3161(h)(8)(A). One of the factors that a judge may
22 consider in determining whether to grant a continuance under this section is whether the case is
23 complex pursuant to 18 U.S.C. §3161(h)(8)(B)(ii). For this reason, the parties request that the
24 court exclude the period of delay resulting form the continuance of the status conference from
25 June 23, 2008 to July 25, 2008 on the ground that the case is complex.
26 ///
27 ///
28 ///

1
2   **III.    CONCLUSION**
3        For the foregoing reasons, the parties request that this Court enter an order regarding its
4   Speedy Trial calculations and declaring the case complex.
5        Counsel for Dr. Wolf and counsel for the United States consent to the use of their
6   electronic signatures on this joint motion.
7   DATED: June 30, 2008                    Respectfully submitted,
8                                           **COUGHLAN, SEMMER & LIPMAN, LLP**
9
                                            By:    s/ Barbara H. Murray
10                                                 Michael L. Lipman
                                                   Barbara Howe Murray
11                                                 Attorneys for Defendant
                                                   Clifford J. Wolf
12
13  DATED: June 30, 2008                    **KAREN P. HEWITT**
                                            **UNITED STATES ATTORNEY**
14
15
                                            By:    s/ Rebecca S. Kanter
16                                                 Rebecca S. Kanter
                                                   Attorneys for Plaintiff
17
18
19  @PFDesktop\::ODMA/PCDOCS/CSL/67672/1
20
21
22
23
24
25
26
27
28

- 4 -