1  Michael L. Lipman (State Bar No. 66605)
   Barbara Howe Murray (State Bar No. 177254)
2  **COUGHLAN, SEMMER & LIPMAN, LLP**
   501 West Broadway, Suite 400
3  San Diego, CA 92101
   (619) 232-0800
4  (619) 232-0107 (Fax)

5  Attorneys for Defendant
   CLIFFORD J. WOLF
6



7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        ) CASE NO. 08CR1542WQH
                                     )
12                                   )
              Plaintiff,             )
13                                   ) ORDER FOR COURT TO FIND
       vs.                           ) EXCLUDABLE TIME UNDER 18 U.S.C. §§
14                                   ) 3161(h)(1)(F) AND 3161(h)(8)(A) AND TO
    CLIFFORD J. WOLF,                ) DESIGNATE CASE COMPLEX UNDER 18
15                                   ) U.S.C. §3161(h)(8)(B)(ii)
              Defendant.             )
16  _____)

17

18      Upon consideration of the Joint Motion for Court to Find Excludable Time Under 18

19  U.S.C. §§ 3161(h)(1)(F) and 3161(h)(8)(A) and to Designate Case Complex Under 18 U.S.C.

20  §3161(h)(8)(B)(ii), the Court finds as follows:

21      1.    For purposes of computing the time within which trial must commence under the

22  Speedy Trial Act, 18 U.S.C. §3161, the period of delay from the filing of the Joint Motion for

23  Continuance on June 9, 2008 through the conclusion of the hearing on that motion on June 23,

24  2008 is deemed excludable under 18 U.S.C. §3161(h)(1)(F) as delay resulting from the filing of a

25  pretrial motion.

26      2.    Based on the voluminous discovery consisting of in excess of 20 boxes of medical

27  billing records and hundreds of patient files, the complex nature of the prosecution involving

28  allegations of health care fraud spanning a several year period, the defense's stated need to

1 analyze medical records and medical billings for several hundred patients over a several year
2 period in order to prepare for pretrial proceedings and trial, the defense's stated need to interview
3 scores of patients and engage experts regarding medical and billing issues, the defense's belief
4 that the case involves novel questions of law and fact regarding Medicare billing issues, and the
5 potential lengthy trial, it is unreasonable to expect adequate preparation for pretrial proceedings
6 or for the trial itself within the time limits established by the Speedy Trial Act. As such, the case
7 is designated complex pursuant to 18 U.S.C. §3161(h)(8)(B)(ii) and the Court finds that the
8 period of delay from the continuance of the status conference from June 23, 2008 to July 25,
9 2008 is deemed excludable under 18 U.S.C. §3161(h)(8)(A) because it results from a
10 continuance granted at the request of both parties, and is based on this Court's finding that the
11 ends of justice served by granting the continuance outweigh the best interest of the public and the
12 defendant in a speedy trial.

Dated: 7/1/08

HON. WILLIAM Q. HAYES
United States District Court Judge